UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>   Plaintiff,<br><br> v.<br><br>MICHELE KWOK,<br><br>   Defendant. | No. 2:19-cv-2090 TLN DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Rene Ortiz is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are plaintiff's motion for the appointment of counsel and defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF Nos. 7 & 8.) For the reasons stated below, plaintiff's motion for the appointment of counsel is denied and the undersigned recommends that defendant's motion to dismiss be granted.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on September 24, 2019, by filing a complaint in the Sacramento County Superior Court. (Compl. (ECF No. 1-1) at 4.[1]) Therein, plaintiff alleges that defendant, a Vocational Rehabilitation and Employment Officer ("VR&E"),

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

at the Oakland Regional Office of the United States Department of Veterans Affairs, "breached our agreement, breached her fiduciary duty to assist and her Oath of Office; and failure and or refusal to perform his duty(s); the defendant also committed Misprison of a Felony."  (Id. at 5.)

Defendant removed the matter to this court on October 17, 2019, pursuant to 28 U.S.C. § 1442(a)(1).  (ECF No. 1 at 2.)  On October 24, 2019, defendant filed a motion to dismiss pursuant to Rule 12(b)(1).  (ECF No. 7.)  On October 29, 2019, plaintiff filed a motion seeking the appointment of counsel.  (ECF No. 8.)  Plaintiff filed a response to defendant's motion to dismiss on December 6, 2019.  (ECF No. 10.)  Defendant filed a reply on December 12, 2019.  (ECF No. 11.)  Defendant's motion was taken under submission on December 16, 2019.  (ECF No. 12.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

////

evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## ANALYSIS

**I.      Defendant's Motion to Dismiss**

Defendant's motion argues that "[d]ismissal is required because Plaintiff's lawsuit challenges the denial of Vocational Rehabilitation and Employment benefits administered by the United States Department of Veterans Affairs, and judicial review is barred by the Veterans' Judicial Review Act." (Def.'s MTD (ECF No. 7) at 2.)  Defendant is correct.  Pursuant to the Veterans' Judicial Review Act, ("VJRA"), "review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA." Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023 (9th Cir. 2012).

In this regard, "the VJRA placed responsibility for reviewing decisions made by VA Regional Offices and the Board of Veterans' Appeals in a new Article I court, the United States Court of Appeals for Veterans Claims," ("Veterans Court"). VCS, 678 F.3d at 1021.  And "[d]ecisions by the Veterans Court are 'reviewed exclusively' by the United States Court of Appeals for the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" Tunac v. United States, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting VCS, 678 F.3d at 1022)).  Moreover, "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits . . . . [and] the decision of the Secretary as to any such question shall be final

and conclusive and may not be reviewed by any other official or by any court[.]" 38 U.S.C. § 511.

Defendant's motion asserts that on October 11, 2019, counsel for defendant contacted plaintiff "to determine the basis for his claim," and was informed that this action "arose from the denial of VR&E benefits," specifically "the failure to reimburse [plaintiff] for expenses related to his law school coursework." (Def.'s MTD (ECF No. 7-1) at 2.) Defendant's motion is supported by a declaration from defense counsel.[2] (Frueh Decl. (ECF No. 7-2) at 2.) Plaintiff's response to defendant's motion to dismiss simply asserts that the court "does have subject matter jurisdiction over" this action because plaintiff is "still a Sensitive Seven[.]" (Pl.'s Resp. (ECF No. 10) at 3.)

In reply, defendant has submitted a copy of "PLAINTIFF'S ACCEPTANCE OF SETTLEMENT," which plaintiff submitted to defendant. (Reply, Ex. 2 (ECF No. 11-2) at 5.) The document explains that plaintiff "will Accept for Value" that "any United States office . . . . contact . . . Empire Law School . . . and inform . . . that VA will pay [plaintiff's] tuition[.]" (Id.) In this regard, it appears that this action concerns plaintiff's denial of benefits, specifically the refusal to pay plaintiff's tuition.

Under these circumstances, the undersigned finds that plaintiff has failed to satisfy the burden of establishing the court's jurisdiction over this action. See Johnson v. Oishi, 362 F.Supp.3d 843, 847 (E.D. Cal. 2019) ("The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden.").

Accordingly, the undersigned will recommend that defendant's motion to dismiss for lack of subject matter jurisdiction be granted. See Ortiz v. Hackney, No. 2:19-cv-2089 TLN DB PS, 2020 WL 2319869, at *3 (E.D. Cal. May 11, 2020).

////

---

[2] "In determining whether it has jurisdiction, a court is not restricted to the face of the pleadings, but may instead review evidence and resolve factual disputes concerning the existence of jurisdiction without converting the motion into one for summary judgment." Friends of Panamint Valley v. Kempthorne, 499 F.Supp.2d 1165, 1171 (E.D. Cal. 2007); see also Gordon v. United States, 739 Fed. Appx. 408, 411 (9th Cir. 2018) ("The district court properly considered evidence outside the pleadings in ruling on the Government's Rule 12(b)(1) motion to dismiss.").

## II.     Leave To Amend

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have subject matter jurisdiction.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, and the nature of plaintiff's communications and filings, the undersigned finds that it would be futile to grant plaintiff leave to amend.  Therefore, the undersigned will not recommend that plaintiff be granted leave to amend.

## III.    Plaintiff's Motion to Appoint Counsel

As noted above, on October 29, 2019, plaintiff filed a document styled as a motion to appoint counsel.  (ECF No. 8.)  The document seeks to "appoint -Name Withheld for Privacy-as [plaintiff's] legal representative who is also an attorney-authorized under the law to practice law in the United States of America."  (Id. at 2.)  Without providing the identity of the attorney plaintiff wishes to represent plaintiff the court cannot evaluate plaintiff's request.

Moreover, to the extent plaintiff is generally seeking the appointment of counsel plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

////

Here, because the undersigned will recommend that defendant's motion to dismiss be granted, plaintiff's likelihood of success on the merits does not satisfy the test for exceptional circumstances. Accordingly, plaintiff's request for the appointment of counsel will be denied.

**CONCLUSION**

Accordingly, IT IS ORDERED that plaintiff's October 29, 2019 motion for the appointment of counsel (ECF No. 8) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant's October 24, 2019 motion to dismiss (ECF No. 7) be granted;

2. The complaint be dismissed without prejudice for lack of subject matter jurisdiction; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ortiz2090.mtd.f&rs